JOSEPH P. BICKERTON, AS ADMINISTRATOR, ETC., OF ELIZABETH JAQUES, DECEASED, PLAINTIFF, v. DAVID JAQUES AND THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, DEFENDANTS.

*Policy of insurance taken out by a brother for the benefit of his sister — right of the brother to surrender it and take out another after her death.*

Henry R. Jaques procured a policy of insurance upon his life for $2,000, payable upon his death to his sister Elizabeth. She died during his lifetime. Thereafter he surrendered the policy and took out another one for the same amount, payable upon his death to his nephew David. He always retained the policies in his own possession, paid the premiums falling due upon the first one, and allowed the dividends declared upon the second to be applied to the payment of the premiums accruing upon it. His sister had lived with him, taking care of his household and family for many years prior to her death, and was entirely dependent upon him for her support and maintenance.

*Held,* that the rights of the insured over the policy depended upon what his intentions were when he obtained the insurance, as such intentions could be gathered from the attending circumstances.

That in this case he had power to surrender the policy upon the death of his sister without the consent of her representatives, and that the nephew and not the representatives of the sister was entitled to receive the amount payable under the second policy.

CONTROVERSY submitted upon an agreed state of facts without an action, under section 1279 of the Code of Civil Procedure.

*F. G. Salmon,* for the plaintiff.

*William H. Hagaman* and *Charles D. Jacot,* for the defendants.

DANIELS, J.:

The controversy between the parties relates to the right to insurance money payable under a policy of insurance issued by the Mutual Life Insurance Company of New York to Henry H. Jaques, payable to his nephew, David Jaques, the principal defendant in this proceeding. Before this policy was issued Henry H. Jaques obtained a policy from the same company for the sum of $2,000, payable by its terms upon the death of Henry H. Jaques to Elizabeth Jaques, his sister. She died during his lifetime, and after her death he surrendered this policy, and in place of it received the

other payable on the occurrence of the same event, but to his nephew. His right to make such a surrender is denied by the plaintiff as the administrator of the sister, to whom the first policy was made payable on the death of Henry H. Jaques. And if the administrator is right in that position, it follows that he is entitled to recover in this proceeding. But if he is not, then judgment must be ordered in favor of the defendant David Jaques, to whom the second policy has become payable by the decease of the person on whose life it was issued. No decisive authority has been found in favor of the position taken by the plaintiff, the cases affecting the right of the person obtaining the policy to surrender it and receive another payable in a different manner in lieu of it, having generally arisen under the terms of the statute made for the benefit of the widow and children. These cases are not applicable to the present controversy, because the language of the statute is not broad enough to include it. Its disposition is therefore dependent upon the legal principles necessarily applicable to such a transaction. And according to them it should be governed by the intention of the person obtaining the insurance, so far as that is capable of being gathered from the attending circumstances. That he did not intend to place the insurance irrevocably beyond his own control, is manifested with reasonable clearness by the fact that he always retained the possession of the policy himself, and he, and not his sister, paid all the premiums which were paid upon it. And after such payments were made, the insurance was kept up by the dividends which had been declared and credited to it under the rules and regulations of the company. In addition to these circumstances, the person to whom the first policy was made payable, was the sister of Henry H. Jaques, by whom it had been obtained. She had lived with him, taking care of his household and family for many years prior to her own decease, and she was entirely dependent upon him for her support and maintenance. It is reasonably plain from these facts that his intention in procuring the policy was to provide for her after the time of his own decease, and when, by reason of that event, he would be incapable of affording her any further assistance. This was probably the sole and only intention by which he was actuated in procuring the insurance, and from that it must necessarily follow that her right to it was designed to be contingent

upon her surviving him. That is the only fair and rational construction to be placed upon the transaction. It embodied a provision for her support, when by his decease he would be unable to provide it, and the occurrence of her death before his own defeated the object and purpose by which he had been actuated in taking out the insurance.

Her administrator had no special claim upon his bounty, neither did any of her next of kin, and no reason therefore can be discovered for the existence of any disposition on his part to provide for them, in case she herself failed to become entitled to the money. His primary and substantial purpose was to secure the means of sustaining his sister after his own decease, and as that purpose was defeated, he was left at liberty to deal with the insurance as he himself deemed to be proper. Subject to the benefit and interest to be secured by it to his sister after his own decease it was his property. The premiums had been paid upon it by him, and, as it could not be used as he intended it should when he obtained it, and during the time he made these payments upon it, he had the authority to give it another and different direction.

This point was considered in *Clark* v. *Durand* (12 Wis., 223), where it was held, that as much as this was certainly within the authority over it of the person obtaining the policy. And that case was approvingly followed in *Kerman* v. *Howard* (23 Wis., 108). In *Games* v. *Connant Insurance Company* (50 Mo., 44), the court went still further in its decision than is now required to sustain the defendant's title to the insurance moneys. For there the policy had been taken out by the husband for the benefit of his wife and her legal representatives. Its terms in this respect being equally as broad as those included in the policy issued for the benefit of this deceased sister. The wife of the party died before he did, and upon his marrying again he procured the insurance to be changed so as to confine its benefits to a subsequent wife, and that was held to be within the authority he had over the policy. Without such a change it might be inferred from the omission to make it that the person holding the policy intended to continue it for the benefit of the personal representatives of the individual in whose name it should be made payable. And that was practically what was decided in *Hutson* v. *Merrifield* (51 Ind., 24). These

authorities are decidedly against the plaintiff's claim, and with the intention that probably actuated the person who procured the insurance, and the control over it resulting from that intention after the decease of his sister, warrant the conclusion that he was empowered to surrender the policy as he did and take out the other in favor of his nephew. And the fact that the latter had no particular claim upon him will not interfere with or affect the transaction as it was finally consummated (*Olmsted* v. *Keyes*, 85 N. Y., 593, 598), for the assured had the right to take out the policy as he did and make it payable, as long as he chose to do so, to the contesting defendant in this proceeding. Other cases have been referred to as incidentally affecting or indicating the propriety of a different disposition of this controversy, but they contain no principle whose application would require a different disposition of the case to be made. The plaintiff is not entitled to judgment for any part of the moneys in controversy, but the right of David Jaques to them has become complete by the decease of his uncle, through whose acts and payments the fund in dispute has been created. Judgment should therefore be ordered for him in the case.

BRADY, P. J., concurred.

Present — BRADY, P. J., and DANIELS, J.

Judgment ordered for defendant, David Jacques.