## WALDHEIM *v.* JOHN HANCOCK LIFE INS. CO.

*(City Court of New York, General Term.  March, 1891.)*

LIFE INSURANCE—DEATH OF BENEFICIARY BEFORE INSURED.

Where a husband, after the death of his wife, in whose favor he had insured his life, does not surrender the policy, and makes no change in the beneficiary, the presumption is that he intended her personal representatives to take, and on his death the policy is payable to them, and not to his own personal representatives.

Appeal from special term.

Action by Albert Waldheim, as administrator, etc., of Maria Wurster, deceased, against the John Hancock Life Insurance Company, on two policies of insurance issued in favor of plaintiff's intestate on the life of Christian Wurster, her husband.  Defendant's demurrer to the complaint was sustained, and plaintiff appeals.

Argued before EHRLICH, C. J., and McGOWN and VAN WYCK, JJ.

*Guggenheimer & Untermyer*, for appellant.  *Langbein Bros. & Langbein*, for respondent.

EHRLICH, C. J.  The action is on two policies, issued by the defendant herein, which agreed to pay to Maria Wurster, within 24 hours after proof of the death of her husband, Christian Wurster, certain sums of money.  Mr. Wurster died April 30, 1890, and his wife, Maria, died about four months previously.  Do the moneys go to his or to her legal representatives? is the question to be decided.  There is no doubt about the fact that, on the death of the wife before the husband, the latter could have surrendered the policy to the company, as was done in *Bickerton* v. *Jaques*, 12 Abb. N. C. 25, but, not having done that, it must be inferred from the omission that the husband intended to continue it for the benefit of the personal representatives of the wife in whose name it was made payable.  *Hutson* v. *Merrifield*, 51 Ind. 24; This seems to be the law as understood by our court of appeals, for it is said in the case of *U. S. Trust Co.* v. *Mut. Ben. Life Ins. Co.*, 115 N. Y. 157, 21 N. E. Rep. 1025: "It is true that it was the purpose of the act of 1840 to enable the husband to make provision for his family, but how that provision should be made was to be determined by the parties to the policy.  The insurance could be for the benefit of the wife alone, in which case the amount insured would, upon the death of the husband, be payable to her if she survived. But if she died before him it would then vest in and be payable to her personal representatives. and not to her children."  So interpreted, the policy was under the control of the husband from the time of his wife's death, and, not having exercised any control inconsistent with an. intent that her personal representatives should take, it will be inferred that he intended that the policy should take that course.  For these reasons we think the right of action on the policies belonged to her personal representatives, and that the action is properly brought in their names.  It follows that the interlocutory judgment in favor of the defendant must be reversed, and judgment ordered on the demurrer in favor of the plaintiff, with costs.  If the defendant desires leave to answer over, it may apply at special term for leave, and the reversal directed is without prejudice to that application.  All concur.