## JOHN BROOKS *vs.* RICHARD CHAPLIN.

ORLEANS, *March*, 1831.

The acknowledgement of a deed, the certificate of which did not show in what state it was taken, held to be legal and sufficient, when the place of taking appeared with reasonable certainty from an inspection of the whole instrument.

If both parties claim title from the same person, the title of such person need not be shown; but he will prevail who has the better right from such common source. And though one party may have had a possession, unsupported by any colour of right, for a short period before taking his deed, that circumstance will not prevent the application of the rule.

This was *ejectment* for a lot of land in Charleston. The plaintiff gave in evidence a deed of the premises demanded from Oliver Phelps to Noah Smith and Israel Smith, dated April 22d, 1797, and a deed of the same from said Smiths to himself; both of which deeds had been on record for many years. He also read in evidence a power of attorney executed by Francis Granger and others, heirs at law of said Phelps who had deceased, to one Farrington, dated September 1st, 1828, duly authorizing him to sell and convey any of their lands in Vermont, and a quit-claim deed of the lot in question executed by Farrington, under the power aforesaid, to the defendant, dated October 14th, 1828. It was proved that in June, 1828, the defendant entered and commenced improvements upon said lot, which was then wild, and had continued his possession of the same ever since.

The defendant objected at the trial to the reading of said deed from Phelps to the Smiths, because the acknowledgement did not show in what state it was taken. It appeared by inspection of the deed, that the grantor described himself as resident of Suffield,

LL

in the county of Hartford, and state of Connecticut. The acknowl-edgement was taken two days after the date of the deed, and com-menmenced as follows : " Hartford county, ss. April 24th, 1797. Then personally appeared Oliver Phelps," &c. The defendant also objected to the plaintiffs' right of recovery without showing a title in Phelps ; inasmuch as his possession on the lot was commenced before he received his deed from Farrington, and as no evidence was given of his having originally entered under the heirs of Phelps.

These objections were overruled in the county court, and a verdict and judgement having passed against the defendant, he filed exceptions, which were reserved for a hearing before this Court according to the statute.

And now after argument the opinion of the Court was pronoun-ced by

ROYCE, J.—The first question is, whether the deed from Oliver Phelps to Noah and Israel Smith was legally acknowledged. Without this requisite it would be inoperative, as against the defendant, and would moreover appear to have passed in evidence without any proof of its execution. It is not indispensable that the place of taking should fully appear from the acknowledgement itself, provided it can be discovered with sufficient certainty by inspection of the whole instrument. And if we can infer, beyond any reasonable doubt, that the acknowledgement endorsed upon this deed was taken in the county of Hartford and state of Con-necticut, it is to be regarded as a legal acknowledgement ; it be-ing in proper form, and taken by a magistrate of competent au-thority by the laws of that state. We deem it a fair presumption, in the absence of all evidence to the contrary, that the deed was executed at the time it bears date, and at the place of the grantor's residence. And finding the acknowledgement taken so soon af-terwards in the county of Hartford, we can intend no other than the same county of Hartford in which the deed is supposed to have been executed. Questions of this sort have frequently arisen, and have always received a similar determination, when the in-strument has furnished equal means for ascertaining the place of acknowledgement.

It is also urged for the defendant, that as his possession was commenced before he received his deed from Farrington, or is proved to have been in communication with him for the purchase, he has a right, on failure of that title, to rest upon his antecedens

possession, and put the plaintiff upon proof of a perfect title in himself. The rule of law has been long well settled, that when both parties derive their claims of title from the same person, the title of such person need not be shown ; but he shall prevail who has the better right from this common source. And although we have no occasion to decide, whether the defendant would be estopped from setting up any independent right to the land, notwithstanding his purchase under the heirs of Phelps, yet a naked possession for a short period, unsupported by any colour of right, is clearly not sufficient to prevent the application of the rule to the present case. Such a possession must be considered as merged in the supposed title acquired by the purchase. The defendant, having no right of his own, admitted that of the heirs, and took shelter under it. And this admission cannot now be revoked by him, for the purpose of acquiring greater privileges at the trial, in the character of a mere trespasser, than he is entitled to claim in that of a purchaser.

Judgement of the county court affirmed.

*Redfield*, for plaintiff.

*J. Mattocks*, for defendant.