Smith vs. Garden.

SMITH VS. GARDEN.

28  685
94  463

EVIDENCE: RECORD OF DEED. (1–4) *Record of foreign deed. Territorial statutes as to certificate of acknowledgment.* (5) *Unauthorized record not evidence.*

1. Under the statutes in force in the territory of Wisconsin in 1842 (Terr. Stat. 1839, p. 180, § 14), a deed of land in the territory, executed in the District of Columbia, was entitled to record if executed, acknowledged and certified in accordance with the laws then in force in that district, but not otherwise.

2. As to certificates of the acknowledgment of deeds, a *substantial* compliance with the law under which they are made is sufficient.

3. The law in force in said district in 1842, required the officer or officers taking the acknowledgment of a deed, to certify " that the grantor or grantors was or were known to him or them, or that his, her or their identity had been satisfactorily proved." 4 U. S. Stats. at Large, ch. 112, sec. 1.

4. A deed purported to be made by D. W. and C. L. W., his wife, and the certificate merely stated that " D. W., the party grantor of the within instrument, personally appeared and acknowledged the same to be his act and deed; and at the same time personally appeared C. L. W., the wife of the said D. W., and acknowledged," etc. *Held*, that this was *not* a substantial compliance with the above recited provisions of law, and the deed was not entitled to record.

5. Where a deed was not entitled to record at the time it was recorded, the record thereof cannot be read in evidence of title.

APPEAL from the Circuit Court for *La Fayette* County.

Ejectment. The plaintiff appealed from a judgment in favor of the defendant. The case is stated in the opinion.

*W. E. Carter*, for appellant, contended that the certificate of the acknowledgment of the deed from Daniel Webster and wife to Cope and Taylor, was in *substantial* compliance with the provisions of the statute, and that this was sufficient, citing *Alexander v. Merry*, 9 Mo., 514; *Merriam v. Harsen*, 2 Barb. Ch. R., 232; *Same Case*, 4 Edw., 70; *Etheridge v. Ferebee*, 9 Iredell, 312; 1 id., 313; *Morse v. Clayton*, 13 S. & M., 373; 5 id., 470; *Hughes v. Lane*, 11 Ill., 123; *Dundas v. Hitchcock*, 12 How. (U.

S.), 256; 3 Iowa, 387; 22 id., 146; 10 id., 358; 5 Clark (Iowa), 157; 8 Cal., 85, 511, 585; 23 Texas, 478; 30 Conn., 344; 3 Dana, 111; 9 id., 112; 6 Binney, 438; 2 Cow., 567; 15 Johns., 89'; 17 Ga., 62; 4 Hals. (N. J.), 225; 3 Har. & McH., 581; 1 Gilm., 160; Peters' C. C., 188. He further argued that inasmuch as the statutes of this state do not require a certificate of acknowledgment of a deed to state that the grantor is personally known, etc., to the person taking the acknowledgment, clearly indicating that in the judgment of the legislature such a statement should not be required to give effect to conveyances of land in this state, the burden of proof should at least be upon defendant to show that the courts of the District of Columbia had put upon the statute of that district the strict construction here insisted upon.

*M. M. Cothren,* for respondent, to the point that the certificate of acknowledgment of the deed from Webster and wife was insufficient, cited Brightly's Dig. U. S. Laws, p. 249, secs. 105, 106; 4 U. S. Stats, at Large, 520; 5 id., 226, sec. 108; 3 W. R. P., 282; 30 Ill., 108; 8 Cal., 446; 20 Ark., 194; 3 Wend., 557.

[The briefs of the counsel above named, and that of *M. M. Strong,* for the respondent, discuss at length many other questions, which are not passed upon by this court.]

LYON, J. Action to recover the possession of a certain lot in the village of Belmont. The plaintiff claims title under a conveyance purporting to have been executed by Daniel Webster and wife to Cope and Taylor, the grantors of the plaintiff through certain mesne conveyances. The right of the plaintiff to recover depends upon this deed to Cope and Taylor. On the trial, the plaintiff offered in evidence the record thereof; but the circuit judge directed the jury to disregard it, for the reason that the record fails to show that the deed was properly acknowledged and certified so as to entitle it to be recorded, and hence that the record could not be received as evidence of the existence of the deed. A verdict for the defend-

ant was the inevitable result of this ruling of the circuit judge; and the plaintiff appeals from the judgment against him upon such verdict.

The deed in question purports to have been acknowledged by Webster and wife on the 30th day of August, 1842, in the district of Columbia, before the Hon. Wm. Cranch, then the chief judge of the circuit court for that district. The certificate of acknowledgment is as follows:

" DISTRICT OF COLUMBIA.—*County of Washington.*

" Be it known that on the 30th day of August, in the year of our Lord 1842, before the subscriber, Chief Judge of the circuit court of the District of Columbia, which court is a circuit court of the United States, and a court of record and of law of said district, personally appeared Daniel Webster, the party grantor of the within instrument, and acknowledged the same to be his act and deed; and at the same time personally appeared Caroline Le Roy Webster, the wife of the said Daniel Webster, and acknowledged the said instrument to be also her act and deed."

The balance of the certificate relates to the separate examination of Mrs. Webster, which it is unnecessary to set out more fully. The certificate is signed by Judge Cranch, and properly authenticated.

Under the statutes of the then territory of Wisconsin, then in force, this deed was entitled to record, provided the same was executed, acknowledged and certified in accordance with the laws then in force in the District of Columbia, and not otherwise. R. S. of 1839, p. 180, sec. 14.

The law then in force in that district required the officer or officers taking the acknowledgment of a conveyance of land, to certify in the certificate of acknowledgment, " that the grantor or grantors was or were known to him or them, or, that his, her or their identity had been satisfactorily proved." 4 U. S. Stats. at Large, 520, ch. 112, sec. 1.

It must be conceded, in respect to the form of these certifi-

cates of acknowledgment, that a substantial compliance with the law under which they are made, is all that is required. The authorities to this effect are numerous and quite uniform. 2 Phillipps on Ev. (4th ed., notes), 585, and cases cited.

The question is, therefore, whether the certificate of Judge Cranch is a substantial compliance with the law under which it was made. It certainly is not a *literal* compliance therewith, for it does not state expressly that Mr. and Mrs. Webster were known to him, or, not being known to him, that their identity was satisfactorily proved. And we think that it is not a *substantial* compliance with the requirements of the law in those respects. True, the certificate describes Mr. Webster as the party grantor named in the deed, and Mrs. Webster as his wife. But this is not sufficient. The law required that the certificate should show whether Judge Cranch knew them personally, or whether their identity was proved to him by satisfactory evidence. The identity of a person who acknowledges the execution of a conveyance of land, is matter of substance; and when the law requires, as it did in this case, that the means by which such identity is known to the officer before whom the conveyance is acknwledged, shall be stated in his certificate, the omission to do so must necessarily destroy the validity of the acknowledgment. We have examined all of the authorities cited by counsel for plaintiff upon this point, and many others; but we are unable to find any rule of construction established by them sufficiently broad and liberal to justify us in holding that the certificate of Judge Cranch is a substantial compliance with the law under which it purports to have been made.

We must hold, therefore, that the deed from Webster and wife, to Cope and Taylor was entitled to be recorded in the then territory of Wisconsin.

The record thereof, not being in accordance with the laws of the territory then in force, is a mere unofficial copy, and cannot be received as primary evidence to prove the existence of the original conveyance. 2 Phillips on Ev., 583 (4th ed., notes), and cases cited.

These views are decisive of the case, and it is not necessary to pass upon the other questions discussed on the argument and in the briefs of the respective counsel.

The evidence failing to show that the plaintiff had any title to the lot, to recover which the action was brought, and there being no error in the ruling of the circuit court rejecting the record of the alleged conveyance to Cope and Taylor, the judgment of the circuit court must be affirmed.

*By the Court.*—Judgment affirmed.