CHASE, infant, etc., vs. WHITING.

(1.) *Construction of Statutes.*  (2.) *County Court a court of record.*  (2–6.)
*Evidence—Effect of deed executed in pursuance of order of County Court.*
(2–5.) *Administrator's deed.*

1. *General words* in a statute must not be restricted by interpretation,
where there is nothing in the clear meaning of the context or the
proper subject of the act, nor any express words in the same statute
or any other statute *in pari materia,* to restrict their meaning.

2. The county court, when acting as a court of probate, is a court of record;
and a deed of conveyance of land purporting to be executed by an
administrator, in pursuance of an order or license of the probate
court, is *prima facie* evidence in all courts and judicial proceedings
in the state, that the title of the intestate has passed to the grantee in
such deed.  Laws of 1869, ch. 40, sec. 1.

3. Where such deed recites that the grantor is the administrator of the
estate of A, that the sale was made in pursuance of an order of the
proper county court (naming the county and specifying the date of
the order), and that due public notice was given of the sale, this is
sufficient to make the deed *prima facie* evidence as aforesaid, without
proof of the appointment of such administrator.

4. Such recital is sufficient without the addition to the grantor's *signature*
of words, showing his representative character.

5. The recital as to the order of the court being that the administrator
"was licensed to sell *some* of the real estate of said A, *hereafter
described,*" this does not show that the order was *indefinite,* or that the
deed was not in pursuance thereof; but it shows the contrary.

6. Where the deed purports to be executed on the 1st day of November, of
a specified year, and was subsequently recorded, the fact that the
acknowledgment bears date " on this first day of November," without
naming the *year,* does not invalidate the deed as evidence.    It will
be presumed that the acknowledgment was made on the day of the
execution, or at least that it was made *before* the deed was *recorded.*

Appeal from the Circuit Court for *Winnebago* County.

Action of ejectment; finding and judgment for plaintiff, from
which defendant appealed.    The case is fully stated in the opin-
ion.

*Gabe Bouck,* for appellant.

*Moses Hooper,* for respondent

DIXON, C. J. Ejectment for a tract of land in Winnebago county. The plaintiff sues, claiming title as daughter and heir-at-law of one Samuel Bedient, deceased. Bedient purchased the land from the United States, obtaining title by patent issued February 1, 1848, and died within two or three years after, the witnesses say in 1849, 1850 or 1851. The plaintiff having established her relationship and title, rested, whereupon the defendant, for the purpose of showing title in himself, offered in evidence what purported to be an administrator's deed of the land to one Joel Chandler, executed by one Wood, as administrator of the estate of Samuel Bedient, deceased, which deed bore date Nov. 1, 1853, and was recorded in the office of the register of Deeds Dec. 3, 1863. The deed purported to have been executed by Wood, pursuant to an order of license for the sale of the land granted to him as such administrator by the county court of Winnebago county, in which county Bedient, in his lifetime, resided, and where it appears he died. The defendant likewise announced that he proposed to follow such proof by proof of title in himself under the conveyance to Chandler. The administrator's deed was rejected, and the principal question raised on this appeal is, as to the correctness of such ruling, with respect to the provisions of section 1, ch. 40, Laws 1869. 2 Tay. Sts. 1610, § 123.

That act provides: " All deeds purporting to convey real estate or any interest therein, which are duly executed, acknowledged and recorded in the office of the register of deeds of the county in which the lands described therein are situate, and *purporting* to be made and executed by any sheriff, deputy sheriff, referee *or other person* in pursuance and by virtue of *any* judgment, *order* or decree of *any* court of record of this state, or in pursuance of *any* sale made under and in pursuance of *any* judgment, execution, or order or decree of *any* court of record of this state, shall be received in evidence in *all* courts and judicial proceedings in this state, without any proof of the judgment, execution, order or decree of the court, and in pursuance of

which they *purport* to have been made, or of the sale upon which they purport to be founded; and *all* such deeds are hereby declared to be *prima facie* evidence in *all* courts and *all* judicial proceedings, that the title of the person or persons against whom the judgment was rendered, and by virtue of which the sale and deed *purport* to have been made, or of the person or persons whose real estate is directed to be sold by virtue of the order of the court under which the sale and deed *purport* to have been made, in the lands and real estate described in such deeds, passed to and vested in the grantee or grantees of such deeds."

The second section of the act provides that duly certified copies of the records of the deeds and conveyances mentioned in the first section, shall be received in evidence, etc., and the third section, that the provisions of the act shall apply to deeds and conveyances theretofore executed and recorded, as well as those thereafter executed and recorded. 2 Tay. Sts., *supra*, §§ 124, 125. It is not contended that the legislature in any manner exceeded its constitutional powers in passing the act, or that it was incompetent thus to change the burden of proof from the party offering and relying upon the conveyance to the party assailing and denying the title claimed under it; and in the quotation above made, we have emphasized those words by which, as we suppose, the act was intended to include, and, as we think, does include deeds made by executors, administrators and guardians, and which are otherwise such as the act describes. We have emphasized those words which show the broad scope and plainly intended *general* operation of the statute. It will be seen that the act was carefully drawn and the writer industriously repeated and used general words, so as to give it a general application, and not to exclude from it any case naturally or properly falling within the principle or rule established by it. The phrase "or other person in pursuance and by virtue of any judgment, order or decree of any court of record in this state," is of very general import and not to be

restrained except by the clear context and proper subject matter of the act, or by express words found in it or in some other statute *in pari materia*.    To say that the words "or other person" signify some ministerial officer of a court of general legal or equitable jurisdiction other than a "sheriff, deputy sheriff or referee" is to deprive those words of nearly all force and effect. There are no ministerial officers known to our law accustomed and authorized to execute the decrees, judgments and orders of courts of general law or equity jurisdiction for the sale of lands except those specifically named in the act, unless it may be occasionally a receiver, assignee in insolvency or a guardian of a spendthrift, lunatic or other person incapable of the management of his own affairs.

But it is or must be conceded that the county court acting as a court of probate, is a court of record, and when the statute says "any judgment, order or decree of any court of record of this state," it is impossible upon the words themselves or upon the context and whole subject matter of the act, to give it a judicial construction which will exclude the judgments, orders and decrees of the county court.    There is no sound and legitimate rule of interpretation which would authorize or sanction such a construction.    On the contrary, it is expressly prohibited upon well settled rules and principles, as will be seen by examining *Harrington v. Smith*, 28 Wis., 43, and authorities there cited, *Fallass v. Pierce*, *ante*, p. 443.

The objection that there was no proof that Wood, the person purporting to have made the sale and executed the deed as administrator, was in fact such administrator, is met by the decision in *Ehle v. Clark*, 28 Wis., where it was held under the same act that the production of the recorded deed purporting to have been executed by the sheriff, was presumptive evidence that the person so executing was such officer, until the contrary was shown by the party claiming adversely to the deed.    Such is obviously the fair intent and effect of the statute.    The deed here offered recited that Wood was administrator of the estate of

Samuel Bedient, late of the town of Algoma in the county of Winnebago, deceased, intestate, that the sale was made in pursuance of an order of the county court of the same county, made at a court holden at Oshkosh, in said county, on the sixth day of August, A. D. 1853, and that public notice of the intended sale was given, etc., etc.   This was *prima facie* sufficient to admit the deed under the statute.   The deed was, in the language of the statute, *prima facie* evidence that the title of the decedent had passed to and vested in the grantee named in it, and the same should have been received in evidence.

The objection that Wood did not sign and seal as administrator is untenable.   He did not write the words showing that he was administrator after his signature, but that was unnecessary.   The deed recited that he executed as administrator, and that was enough; and beside, the acknowledgment showed the representative character in which he acted.   The further objection that the order of the county court recited in the deed, and in pursuance of which the sale purports to have been made, is void, is also not well taken.   The recital is: "was licensed and empowered to sell some of the real estate of the said Samuel Bedient, hereafter described."

This does not show that the order was indefinite and uncertain, or that the deed was not in pursuance of the order.   It shows that the order definitely and specifically described the real estate actually sold.   If we understand the word "some," in the sense of "a part" or "a portion," as was undoubtedly intended, then there was not the slightest ambiguity or uncertainty in the order as recited, nor can there be any doubt about the sale and deed having been made in pursuance of the order.

Still another, and the last objection urged, is that the *year* when the execution of the deed was acknowledged, is not stated or given in the certificate of the notary public before whom the acknowledgment was taken.   The date of year was omitted.   The deed was dated, and purports to have been executed and delivered on the first day of November, 1853, but

the memorandum of acknowledgment underwritten or indorsed bears date only, "on this first day of November," without the year. It might be fair to presume, perhaps, under the circumstances, that the acknowledgment was of even date with the deed, or what purports to have been the time of its execution and delivery, (see *Carpenter v. Dexter*, 8 Wallace, 513, and *Brooks v. Chaplin*, 3 Vt., 281,) but at all events it must be assumed to have taken place before the recording of the deed, for otherwise it could not have been properly received and recorded. For the purposes of this case, so far as we are at present advised, it seems to be immaterial which of those two dates is assumed, and, consequently, a more critical examination becomes unnecessary. It suffices that the acknowledgment must be presumed to have been made or taken before the date of recording.

*By the Court.*—Judgment reversed, and a new trial awarded.