## HILES v. LA FLESH.

*January 14 — January 29, 1884.*

LIMITATION OF ACTIONS. *(1) Pleading. (2) Tax deed.*
DEED. *(3) Form of certificate of acknowledgment.*

1. A failure, in pleading the statute of limitations, to specify the particular statute relied upon, is a mere uncertainty or indefiniteness which may be remedied by motion, and is not ground of demurrer. [See *Haseltine v. Simpson*, 58 Wis., 579.]
2. The lapse of nine months after the recording of a tax deed bars an action of ejectment by the original owner, whether the land was in the actual possession of the grantee in such deed or was vacant during that time.
3. Where the certificate of acknowledgment of a deed does not contain the words, " to me known to be the person who executed the foregoing instrument" (sec. 2217, R. S.), the deed itself and its attestation may be resorted to, to show that the officer knew that the person who made the acknowledgment was the person who executed the deed, and has substantially so certified. Thus, where the officer was one of the attesting witnesses to a tax deed executed by W., as county clerk, a certificate stating that " W., county clerk aforesaid," personally appeared before him, etc., is *held* to be sufficient as to the identity of the grantor and the person acknowledging, and to be substantially in the form prescribed by said sec. 2217.

APPEAL from the Circuit Court for *Wood* County.

The facts are stated in the opinion. That part of the answer which was demurred to was as follows:

"Further answering, and for the purpose of pleading the statute of limitations herein, the defendant avers that he claims and at the commencement of this action claimed the title to said pine timber, through, under, and by virtue of a certain tax deed from Wood county to one Lawrence Ward, duly executed, witnessed, and acknowledged, on the 4th day of December, A. D. 1879, and recorded on the same day in the office of the register of deeds, in and for said county, in. Volume Q. of Deeds, on page 462, and that this action was:

not begun within nine months, nor within one year, nor until more than three years after the recording of such tax deed, a copy of which is hereto annexed, marked 'Exhibit A,' and made a part hereof, and the plaintiff's cause of action to set aside, cancel, or avoid said tax deed, or the tax sale certificates on which the same is based, if any he ever had, is barred by the statute of limitations in such case made and provided, and the defendant insists and will insist upon the trial hereof upon such statutory bar."

For the appellant there was a brief by *Ring & Youmans*, his attorneys, and *S. U. Pinney*, of counsel, and oral argument by *Mr. Pinney*. To the point that the certificate of acknowledgment may be aided by reference to the deed and the attestation clause, they cited, besides cases cited in the opinion: *McConnel v. Reed*, 3 Ill., 371; *Livingston v. Kettelle*, 6 id., 116; *Wiley v. Bean*, id., 302.

*L. P. Powers*, for the respondent, to the point that the certificate of acknowledgment was insufficient, cited: *Smith v. Garden*, 28 Wis., 685; *Wolf v. Fogarty*, 6 Cal., 224; *Kelsey v. Dunlap*, 7 id., 160; *Fogarty v. Finlay*, 10 id., 239; *Kimball v. Semple*, 25 id., 440; *Tully v. Davis*, 30 Ill., 103; *Brinton v. Seevers*, 12 Iowa, 389; *Jacoway v. Gault*, 20 Ark., 190. When the statute makes an express provision affecting the authenticity of deeds, it must be strictly complied with. *Knighton v. Smith*, 1 Or., 276; *Trammel v. Thurmond*, 17 Ark., 203; *Blagg v. Hunter*, 15 id., 246. See, also, *Smith v. Hunt*, 13 Ohio, 260; *Hayden v. Westcott*, 11 Conn., 129; *Bryan v. Ramirez*, 8 Cal., 461; *Short v. Conlee*, 28 Ill., 219.

ORTON, J. This is an action of ejectment against the defendant in possession; and in the complaint it is alleged that the defendant entered upon the land and cut off valuable timber, and committed great waste thereon, and the prayer therein is for the recovery of the possession of the land, and for damages for withholding the possession, and for the

value of said timber. The answer denies each and every allegation of the complaint, and alleges the ownership of the timber so cut off in the defendant, and that the defendant claims the land under a tax deed issued to one Lawrence Ward on the 4th day of December, 1879, and recorded the same day (and the deed is annexed as an exhibit), and that the action is barred by the statute of limitations. The plaintiff demurred to so much of this answer as pleaded, or attempted to plead, the statute of limitations, and assigned as ground of the demurrer that the answer does not state facts sufficient to constitute a defense. This demurrer was sustained, and the defendant has appealed from the order sustaining the same. The only question, therefore, is, Does the answer sufficiently set up the statute of limitations against the plaintiff's action?

1. The recorded tax deed, by virtue of which the defendant claims the benefit of the statute of limitations, is substantially set out in the answer, and the deed itself is appended to the complaint as an exhibit. The setting up the tax deed in the answer, which showed that the statute of limitations, by virtue of it, had run against the plaintiff's action, was held a sufficient pleading of the statute, without further averments. *Knox v. Cleveland*, 13 Wis., 245; *Dean v. Earley*, 15 Wis., 100; *Whitney v. Marshall*, 17 Wis., 174. This answer in due form pleads the bar of the statute in connection with the tax deed so set out and appended, and of course is sufficient in this respect. It does not state the particular statute of limitations relied on, but it does allege that three years, one year, and nine months had elapsed before the action was brought since the recording of the tax deed. The benefit of all of the statutes of limitation is claimed. This, at most, was a mere uncertainty, or indefiniteness, which could have been remedied by a motion, and is not ground of demurrer. *Flanders v. McVickar*, 7 Wis.,

372; *Newman v. Kershaw*, 10 Wis., 333; *Spence v. Spence*, 17 Wis., 448.

2. Whether the defendant was in actual possession, or the land was vacant, during the period of limitation, is quite immaterial; but the answer virtually admits the possession as alleged in the complaint. More than nine months had elapsed before the suit was brought, and since the recording of the tax deed. This is sufficient to create the bar of the statute against the plaintiff's action of ejectment. Sec. 6, ch. 334, Laws of 1878; sec. 1210*d*, R. S.; sec. 1, ch. 250, Laws of 1882.

3. The main point made in this case for the respondent is that the tax deed was not entitled to registration by reason of the insufficiency of the acknowledgment. The certificate of acknowledgment is that, "before the undersigned, a notary public in and for said county, personally appeared F. J. Wood, county clerk aforesaid, and acknowledged that he executed the above deed as county clerk of the county of Wood, state of Wisconsin, for and on behalf of said county and state, for the purposes therein mentioned." There is in this certificate an absence of the clause between the words "aforesaid" and "and acknowledged," required to be substantially inserted therein by the statute (sec. 2217, R. S.), and found in the form prescribed in said section, as follows: "to me known to be the person who executed the foregoing instrument."

The statute requires only that the certificate shall be "substantially" in that form, if it does so *require*, which, from the language, "shall be sufficient if made substantially" in the form prescribed, may be doubtful. Treating, however, this language as imperative, the question is whether this certificate is substantially in this form. The law of the District of Columbia required the officer to certify "that the grantor was known to him, or that his identity

had been satisfactorily proved." In *Smith v. Garden*, 28 Wis., 685, it was properly held by this court that an acknowledgment made in said district, leaving out these words, was no such acknowledgment as entitled the deed to record in the territory of Wisconsin by the laws thereof. The last clause of the requirement of the law in that case is significant as to proof of the *identity* of the grantor. The evident purpose of any such legal requirement is that the *identity* of the grantor as the person who executed the deed and the person who makes the acknowledgment, shall be authenticated or proved as a fact to the extent possible by the certificate of the officer. If, then, the certificate is sufficient of such identity, it is *substantially* in the form required by the statute.

The statute of California in respect to acknowledgments is similar to that of the District of Columbia above referred to, only, if possible, more stringent, requiring the certificate to have those identical words, or the deed could not be recorded. The California cases cited by the learned counsel of the respondent are, therefore, not authority in this case under the peculiar phraseology of our statute, where the exact words need not be used if the identity of the person making the deed and acknowledgment is substantially certified in another form.

The statute of Illinois requires absolutely that the certificate shall state that the grantor was known to be the person making the acknowledgment, and hence the case of *Tully v. Davis*, 30 Ill., 103, and other cases in that state on the same point, are not authority. Under such statutes, which must be pursued strictly, according to the authorities cited by the learned counsel of the respondent, any deviation from the verbal requirements would be fatal to the acknowledgment. And so it may be said of the statute and the decisions thereunder in other states, cited by the respondent's counsel. But under the strict statute of 1847 of the state of Illinois,

which requires the person who executed the instrument to be known to the acknowledging officer, and that he should so certify, and to his identity, it has been held that reference may be had to the deed and its attestation to help out any such defect in the certificate. *Carpenter v. Dexter*, 8 Wall., 513. This authority has been approved, as said by the learned counsel of the appellant, in *Logan v. Williams*, 76 Ill., 175; *Nelson v. Graff*, 44 Mich., 433; *Wells v. Atkinson*, 24 Minn., 161; *Kelly v. Rosenstock*, 45 Md., 389; and in *Chase v. Whiting*, 30 Wis., 544; in which last case the omission of the year of November 1st was helped out or supplied by reference to the date of the deed, on the authority of *Carpenter v. Dexter*, *supra*, and *Brooks v. Chaplin*, 3 Vt., 281. In *Carpenter v. Dexter* stress was laid upon the fact that the acknowledging officer was an attesting witness to the execution of the deed.

In *Jackson v. Gumaer*, 2 Cow., 552, and in *Thurman v. Cameron*, 24 Wend., 87, under the statute of New York, requiring such words to be used in the certificate, and where it was stated therein only that the grantor " was known " to the officer, without the addition of the words " to be the person who executed the instrument," the certificate was held sufficient.[1] But these cases may have been disapproved in *Smith v. Garden*, *supra*.

From the authorities, therefore, as well as reason, the deed and its attestation may be resorted to, if necessary, to show, together with the certificate, that the officer knew that the person who makes the acknowledgment is the person who executed the deed, and has substantially so certified.

Here the deed was executed by a county clerk of a certain county by his signature and name of office and under his official seal, and King, the notary who took the acknowledgment, was one of the attesting witnesses to the deed, and his certificate is that " F. J. Wood, *county clerk afore-*

---

[1] See, also, *Watkins v. Hall*, 57 Tex., 3.— REP.

*said*," personally appeared before him, etc. Who was it? It was the county clerk aforesaid. If it was the county clerk aforesaid then it was F. J. Wood who executed the deed, and if it was not, then the certificate is false as to the identity of the person, for F. J. Wood is *prima facie* presumed to be the officer, both *de facto* and *de jure*, that he has described himself to be. *Thurman v. Cameron, supra.* King, the notary, did know that the person who appeared before him was the one who executed the deed, for he witnessed its execution, and so certifies in the attestation; so that, taking the deed and certificate together, as we are allowed to do, the certificate of acknowledgment is substantially complete and sufficient, and entitled the tax deed to registration. The answer, therefore, setting up the bar of the statute of limitations by virtue of the recorded tax deed, was sufficient, and the demurrer should have been overruled.

*By the Court.*— The order of the circuit court is reversed, and the cause remanded for further proceedings according to law.