Shauck, J.
It is said by counsel for the defendant in error, that the demurrer to his answer w.as properly overruled, because it searched the record, and there is a misjoinder of parties plaintiff in the petition. Although section 5062 of the Revised Statutes, prescribes eight grounds of demurrer, the subsequent section provides that, unless the ground of demurrer be specified, it shall be regarded as objecting only that the petition does not state facts sufficient to constitute a cause of action, or that the court has not jurisdiction of the matter. And under the provisions of section 5064, there being no objection by special demurrer or by answer on the ground that there is a misjoinder of parties plaintiff, the supposed right to object to the petition on that ground is waived-
As to the main question arising upon these pleadings and discussed by counsel, there is admitted confusion among the reported cases and authors upon the subject. The assurance was effected by Charles C. Helwig, the assured, and all premiums on the policy were paid by him. He appointed the beneficiaries of the policy by the terms in which the company agreed “ to pay to her (Anna Helwig) the said sum assured for her sole use, or in case she shall die before the said Charles C. Helwig, to pay the said sum assured to her children by the said Charles C. Helwig.” All of the beneficiaries thus appointed died in the life-time of the assured, and before the policy became' payable.. In support of the judgment below, it is argued that this policy was the creation of *341 a trust or gift in favor of the beneficiaries named, and was completely executed; and an executed gift or settlement cannot be revoked by the donor by an attempted testamentary disposition of the subject, or in any other way. And upon the authority of the Manhattan Life Insurance Co. v. Smith, 44 O. S. 156, it is said that the rights of the beneficiaries were vested upon the execution of the policy. There seems to be no ground or occasion for questioning these principles or this authority. The serious question is whether they reach the conclusion desired. The intention of the assured in procuring this policy was lawful, whether it was that upon the failure in his life-time of appointed beneficiaries the proceeds of the policy should be a part of his estate; or that upon the death of his wife, he being yet alive, the provision in favor of her children by him should be absolute. We are concerned only, therefore, in ascertaining what that intention was. It is probably true that in seeking that intention, we are not permitted to look at his subsequent conduct in paying premiums on this policy after the death of his wife and all her descendents, or in treating the proceeds of the policy as subject to testamentary disposition by him, however strongly such subsequent conduct may reflect upon the question. But from the terms of the policy and the circumstances under which it was obtained, it seems clear that he contemplated no provision in favor of any one except his wife and her children by him. He named those whom he desired to appoint as beneficiaries under the policy, and the assumption that he omitted some who were in his mind is wholly gratuitous. The presumption that he named all that he intended to share in the fund, and that he did not intend a provision in favor of one occupying the position of Ryan is so strong, that the effort here seems to be not so much to ascertain his intention, as to defeat it by the introduction of technical-rules.
Certainly, rights vested in the appointed beneficiaries upon the execution of the policy. But an important, and as we think, a controlling condition was expressed as to his wife, and implied as to her children by him, viz.: that they should live until after his death — until the policy should become *342 payable. There being a failure of appointed beneficiaries, it was competent for the assured to bequeath the proceeds of the policy to his surviving children, and they are entitled to it, but subject to administration.
J M. Tibbets and Nash & Lentz, for^Plaintiif in Error.

Watson, Burr[& Livesay, contra.

Although there may be cases not in harmony with this conclusion, we^re satisfied that it®gi ves effect to the intention with which the insurance was effected. It is in harmony with the general objects of life insurance,1^which look to the support and comfort of those, who^by nature, are dependent upon the assured. It is fully supported by the case of Kerman v. Howard, adm’r, 23 Wis. 108. While the authority of that ease has been questioned by writers upon the subject, and numerous cases are cited as being in conflict with it, there is much less foundation for adverse criticism than seems to be supposed. Most of the cases cited as establishing the contrary doctrine, are broadly distinguishable upon one or both of the following grounds, viz.: either the insurance was effected and the premium paid by thejpayee of the policy; or the beneficiaries named in the policy survived the assured. The Manhattan Company v. Smith is distinguishable upon both grounds.
What we regard as the determining consideration in this case is that when Charles C. ITelwigfdied, there survived him no beneficiary named in thisjpolicy. Its proceeds were therefore the subject of a testamentary bequest by him. If any of the decided cases are opposed to this conclusion, we think, ¡they regard too lightly the manifest intention of the person by whom the insurance was effected.
Judgment reversed.