## McELWEE *v.* NEW YORK LIFE INS. CO.

*(Circuit Court, E. D. Missouri, E. D.  October 28, 1891.)*

LIFE INSURANCE—POLICY PAYABLE TO CHILDREN—RIGHTS OF ADMINISTRATOR.
  Where a policy of insurance on the life of a wife is made payable to her children, and she dies before any children are born, her executor cannot maintain an action at law for the amount of the insurance.

At Law.

This was a suit on a policy of life insurance. The case was submitted on an agreed statement, the material parts of which are as follows: On or about the 10th day of July, 1889, Mary Frances Vail intermarried with one Charles F. Vail, and thereafter and until her death on the 11th day of February, 1890, continued to be the wife of said Charles F. Vail. On the 24th day of July, 1889, said Mary Frances Vail, through her husband, Charles F. Vail, tendered a written application to the defendant company for insurance upon her life, duly signed by her, in the sum of $5,000, payable to her estate. The local manager of defendant company, to whom said application was submitted at the company's St. Louis office, declined to receive the same, and called the attention of said Charles F. Vail to the rule of defendant company regarding insurance upon the lives of married women, contained in a book of written instructions to agents, as follows:

"A woman may effect insurance on her life for the benefit of her husband if he have a pecuniary interest in her life, but not otherwise. She may, however, insure for the benefit of her children, or for the benefit of any one who may have a pecuniary interest in her life, or who may be dependent on her; but evidence of such interest or dependence must accompany the application."

Said Charles F. Vail thereupon withdrew said application, and upon the same day submitted for his wife an application, duly signed by her, for such insurance, made payable to the children of said Mary Frances Vail. The application was accepted by the company at its home office, and on the 5th day of August, 1889, the defendant company, for the consideration in said policy expressed, executed the policy sued upon. Mary Frances Vail complied with all the conditions required by the policy of her, as the life insured under the same. She departed this life on the 11th day of February, 1890, and at the time of the issuing of said policy and of her death she was a resident of the city of St. Louis, state of Missouri. At the time of making said application to said company on which said policy was issued, said Mary Frances Vail had never had a child, and this fact was made known to the defendant company by the report of its medical examiner. No child was born of her body thereafter, nor had she any child living at the time of her death, but she was then pregnant with child, and she leaves surviving her a mother, brothers, and sisters.

*C. P. & J. D. Johnson,* for plaintiff.

*F. N. Judson,* for defendant.

THAYER, J. After an attentive consideration of this case I have concluded that plaintiff is not entitled to recover. By the terms of the policy the company agreed "to pay the sum of the insurance  *  *  * to the children of the insured, [that is, to the children of Mrs. Vail,] share and share alike, or their executors, administrators, or assigns," and there was no change made or attempted in the phraseology of the promise during the life-time of the insured. The policy was obviously intended as a provision for such children as might be born of the marriage between Mr. and Mrs. Vail, and for no one else. The promise was to pay to the children; they were the beneficiaries. If Mrs. Vail had contemplated the possibility of death before she had given birth to any children, some provision would probably have been inserted in the policy touching the disposition of the insurance money in that event. What such provision would have been it is impossible to say, and it is useless to indulge in speculation on that subject, as the court is powerless to make a contract for the parties covering that contingency. It can only enforce such a contract as the parties have themselves made. Some stress is laid on the fact that, according to the rule which prevails in some states, Mrs. Vail retained the power, so long as she held the policy, to change the beneficiaries with the consent of the insurer. *Kerman* v. *Howard,* 23 Wis. 108; *Gambs* v. *Insurance Co.,* 50 Mo. 47. It is claimed that because she retained such power, her administrator may recover on the policy. I am unable to assent to that proposition. Even if she had a right to change the beneficiary, it was a mere power, to be exercised with the company's consent, and, as the agreed case shows, she never exercised it, or attempted to do so. The existence of such power, even if its existence be conceded, is not sufficient to make the policy a part of her estate, or authorize her administrator to sue thereon. Furthermore,

it is said that by taking out the policy for the benefit of her children Mrs. Vail constituted the defendant company a trustee for her children, and, the trust having failed because she died childless, that the fund in the trustee's hands inures to the benefit of her estate, in the same manner that a fund left in trust for a given purpose will inure to the benefit of the donor or his heirs, if for any reason the trust cannot be executed. It is sufficient to say of this contention that, if the principle invoked has any application to the case at bar, it is only applicable to the premiums actually paid up to the time of Mrs. Vail's death, and the interest accumulated thereon; and the remedy is in equity. Mrs. Vail did not place $5,000 in the hands of the defendant company to be held for the benefit of or in trust for her children. She contracted to pay $39.60 quarterly, and up to the time of her death had paid only two quarterly installments. The contract was entered into with the expectation that Mrs. Vail would live many years, and that the premiums paid in the mean time, with accumulated interest, would equal the face of the policy at the end of her expectancy. Under the circumstances, it cannot be maintained, even on the trust theory above outlined, that the defendant is liable to the plaintiff in the sum of $5,000, or in any other sum, in a strictly legal proceeding. I feel satisfied that judgment should be entered for the defendant, and it is so ordered.