STRIKE, Respondent, vs. WISCONSIN ODD FELLOWS MUTUAL LIFE INSURANCE COMPANY and others, Appellants.

| 95 | 583 |
| 106 | 539 |
| 95 | 583 |
| 110 | 639 |
| 95 | 583 |
| 112 | 1590 |
| 95 | 583 |
| 115 | 1561 |
| 115 | 1564 |
| o116 | 2213 |

*March 16 — April 7, 1897.*

*Mutual life insurance: Assignment of certificate.*

1. One who effects an insurance on his own life in a mutual life insurance company organized under ch. 1, Laws of 1887, may, under the provisions of sec. 14 of that chapter, assign his certificate to any person other than the beneficiary named therein, without any reference to such beneficiary, whether his assignee has any insurable interest in his life or not.

2. This right of a person who insures his own life to assign the certificate is not affected by sec. 2347, R. S., as amended by ch. 376, Laws of 1891, authorizing any person to insure his life for the benefit of a married woman, and making such insurance her sole and separate property, free from the control of her husband and from the claims of his creditors.

3. The restriction of such assignments to persons having an insurable interest, by ch. 20, Laws of 1895, cannot apply to insurances previously assigned.

APPEAL from a judgment of the circuit court for Jefferson county: JOHN R. BENNETT, Circuit Judge. *Affirmed.*

The defendant is a mutual life insurance company, organized by ch. 1, Laws of 1887. On June 23, 1892, it issued to one Francis J. Cory a certificate of membership, whereby it agreed to pay $1,000 to his parents, *Sampson Cory* and *Ann Cory*, within ninety days after proofs of his death should be received by its secretary. The membership fee and all assessments were paid by Francis J. Cory, except one assessment of $1.20, which was paid by *Sampson Cory.* The circumstances and reason of this payment by *Sampson Cory* are unexplained. In February, 1893, Francis assigned his certificate of membership to the plaintiff, and duly executed and filed with the secretary of the company a written instrument directing the sum named in the certificate to be paid to the plaintiff, and requesting the company to "send all assessment notices" to the plaintiff. Notices of all subsequent assessments were sent by the company to the plaintiff, and he paid them to the company. The plaintiff paid Francis $50 for the assignment, and subsequently paid the company, for assessments, upwards of $50 more. The plaintiff was in no way related to Francis. On May 12, 1895, Francis died. At the time of his death the certificate of membership in the defendant company was in full force, and no assessment was unpaid. Proofs of the death were duly made, and delivered to the defendant's secretary. The company admitted its liability for the loss, but did not pay it,

because it was claimed by both the plaintiff and the defendants *Sampson* and *Ann Cory*. At the request of the defendant company, and by stipulation of the parties, *Sampson Cory* and *Ann Cory* were made parties defendant. They claimed the money on the ground that the assignment of the certificate of membership to the plaintiff was unauthorized and void, for the reason that the plaintiff had no insurable interest in the life of Francis. There was no controversy about the facts. The trial was by the court, without a jury. There was judgment for the plaintiff for the whole amount of the certificate, from which all the defendants appeal.

For the appellants there was a brief by *L. H. Mead* and *Charles E. Estabrook,* and oral argument by *Mr. Estabrook.* They argued, *inter alia,* that one of the beneficiaries named in the certificate paid a part of the consideration, and had a vested interest which could not be disposed of without his consent. The assignment was, in terms, of money to accrue to the estate of the assured, and was inoperative because there was none coming to his estate. The plaintiff had no insurable interest in the life of the assured and could not hold the insurance by assignment. *Conn. Mut. L. Ins. Co. v. Schaefer,* 94 U. S. 457, 461; *Warnock v. Davis,* 104 id. 775, 779; *Crotty v. Union M. L. Ins. Co.* 144 id. 621, 625; *Missouri Valley L. Ins. Co. v. Sturges,* 18 Kan. 93, 26 Am. Rep. 761. One of the original beneficiaries being a married woman, her interest was, under sec. 2347, R. S., as amended by ch. 376, Laws of 1891, not subject to the control of the assured.

*L. B. Caswell,* for the respondent.

NEWMAN, J. The only question is whether the plaintiff, having no insurable interest in the life of Francis Cory, could take title to the insurance money by the assignment of Francis. The beneficiaries named in the certificate had an insurable interest in the life assured. So there was a

valid contract of insurance. The assessments were paid by Francis. Only one, for some unexplained reason, was paid by one of the beneficiaries. Francis was the owner of the insurance. Being the owner, he had the right, as against the beneficiaries, to assign the insurance. *Foster v. Gile,* 50 Wis. 603; *Estate of Breitung,* 78 Wis. 33. There was no restriction on the right of assignment in defendant's charter. The right of the member to assign his insurance was express, and without restriction. It was (sec. 14, ch. 1, Laws of 1887): "Any member may file, with the secretary of the company, a written or printed instrument, duly signed in the presence of two witnesses, directing the said amount to be paid to a person named therein, other than the beneficiary named in his or her certificate, in which case the said amount shall be paid, within the time aforesaid, to the person named in such instrument." The same section contains another provision, which authorizes an assignment of the certificate, or any interest therein, by a similar instrument, for the purpose of securing a debt or money advanced to a person other than the beneficiary named in the certificate. This is entirely independent of the general provision cited, and does not control or qualify it. Certainly the charter gives ample authority, if indeed it were needed, for an assignment of the insurance. It does not, in terms, even require the consent of either the beneficiary named in the certificate, or of the company. Nor is the right of assignment, in terms, restricted to such persons as have an insurable interest in the life assured. And no such restriction can be imported into the statute by construction. General words in a statute are to receive a general construction, unless there is something in the statute itself, or in its proper subject matter, to restrain it. Suth. St. Const. § 249; *Chase v. Whiting,* 30 Wis. 544. Such general construction may, however, be restrained by considerations of public policy, growing out of the subject matter of the statute. *Wilkinson v. Hoffman,* 61 Wis. 637;

*Purtell v. Chicago F. & B. Co.* 74 Wis. 132; *Chapman Valve Mfg. Co. v. Oconto Water Co.* 89 Wis. 264. But there are no considerations of public policy which restrain the power of assignment given by the general words of the charter, to be enforced by construction. For it has been held by this court that "a policy of life insurance, obtained in good faith by a person having an insurable interest in the life of the assured, may be assigned to *any person,* with the consent of the company." *Bursinger v. Bank of Watertown,* 67 Wis. 75; *Hurd v. Doty,* 86 Wis. 1. Even if the consent of the company were deemed necessary, it could hardly be doubted that giving notice of assessments to the assignee, and receiving payment of assessments from him, without explanation, are equivalent to consent in the first instance.

Sec. 2347, R. S. (ch. 376, Laws of 1891), has no application to this question. Francis Cory effected the insurance upon his own life, and kept it alive by the payment of the assessments. He had full power to dispose of it without reference to the beneficiaries named in the certificate. This is settled by *Foster v. Gile, supra.* This statute was not intended to change that rule. *Kerman v. Howard,* 23 Wis. 108; *Given v. Wis. O. F. M. L. Ins. Co.* 71 Wis. 547. The leading object of the statute was, no doubt, to preserve to a married woman such insurance as should be provided for her benefit, and as her sole and separate property, free from the control of her husband and from the claims of his creditors. It was not intended to take from the party who effected insurance upon his own life at his own cost the right to control and dispose of the policy. Besides, it is evident that this insurance was never provided for the sole and separate property of *Ann Cory.* It was intended that her husband should have some control and property in it. Nor can it be said that the consideration paid for the assignment was inadequate. Francis had apparently many years of life before him, and the prospect of paying many assessments before it should ripen into

a benefit to his assignee. By ch. 20, Laws of 1895, the right of assignment of such insurance is restricted to such persons as have an insurable interest in the life of the member, and it provides that no money shall be paid to any assignee who has not such insurable interest. It cannot be held that this statute was intended to have a retroactive effect. It would be invalid to affect insurance lawfully assigned before its enactment. Such a statute would impair the obligation of a contract lawful when made, and is beyond the power of the legislature to enact.

*By the Court.*— The judgment of the circuit court is affirmed.