Alvord vs. Luckenbach.

ALVORD, Appellant, vs. LUCKENBACH, Respondent.

*April 6 — April 27, 1900.*

*Life insurance: Change of beneficiary: New contract: Assignment.*

| | |
|---|---|
| 106 | 537 |
| 112 | ¹590 |
| 106 | 537 |
| d113 | ¹ 93 |
| 106 | 537 |
| 115 | ¹564 |
| c116 | ¹213 |

1. Under a tontine life insurance policy payable to the executors, administrators, or assigns of the assured, and giving him no power to designate a different beneficiary, he can confer no rights upon any one except by assignment; and in order to create a new and specific beneficiary a new contract with the insurer is necessary.

2. Under such a policy a letter from the insured to the company requesting it to make the insurance payable, in case he died before the policy matured, to certain designated persons, did not amount to an assignment of the policy to such persons, and, in the absence of assent on the part of the company, conferred no rights upon them to demand payment of the insurance.

APPEAL from an order of the circuit court for Oconto county: S. D. HASTINGS, JR., Circuit Judge. *Affirmed.*

Appeal by plaintiff from order sustaining demurrer to his complaint, wherein the following material facts are set forth: Prior to November 19, 1895, the plaintiff's father, Charles B. Alvord, held a tontine life insurance policy for $3,000, payable to Ellen C. Alvord, beneficiary, wife of Charles B. Alvord, provided that, if said beneficiary should not survive the insured, then such payment should be made to the executors, administrators, or assigns of said assured. Ellen C. Alvord having died, said Charles B. Alvord, on

November 19, 1895, sent a letter to the company, mentioning the death of his wife, and saying: "Now, I wish you would make it payable, in case of my death before maturity, to the following named persons, just as I have them wrote: *Adelbert Alanson Alvord*, $1,000," etc. No response was made to this letter, and Charles B. Alvord died November 30th following. The defendant was appointed administrator of the estate of Charles B. Alvord, and received upon the policy $2,700, being the amount thereof, less $300, which the assured had borrowed from the company. The complaint concludes with the assertion that said defendant, in receiving said $2,700, received $1,100 thereof for the plaintiff, *Adelbert A. Alvord*, and thereby became indebted to him, but has refused to pay said amount upon demand.

The cause was submitted for the appellant on the brief of *Sawyer & Waite*, and for the respondent on that of *E. L. Chloupek*, attorney, and *Classon & Brazeau*, of counsel.

Dodge, J. Several reasons are urged in support of the conclusion of the court below that no cause of action is stated by the complaint in favor of the plaintiff and against the defendant. Discussion of the others will be rendered unnecessary by the conclusion we have reached upon the fundamental consideration which goes directly to the rights of the plaintiff, not only in this form of action but in any other as well.

By the contract between the insurance company and the plaintiff's father, Charles B. Alvord, the former agreed to pay the amount of the policy to the latter's executors, administrators, or assigns. This contract existing, no rights could be conferred upon any one by Charles B. Alvord except by assignment. It was no part of the contract that he might designate a beneficiary, so that the class of cases last illustrated in this court by *McGowan v. Supreme Court 1. O. F.* 104 Wis. 173, holding *completed consent of insurer not essen*

tial to the vesting of rights in an appointee, have no application. In order to create a new and specific beneficiary, a new contract was necessary, and it is not and could not be contended that such was made.

In order to constitute an assignment, it is essential that the dominion and control of the assignor over the assigned fund should be terminated. *Dirimple v. State Bank*, 91 Wis. 601, 606. Especially is this a requisite where the assignment is wholly without consideration, and merely a donation.

A glance at the letter set forth in the statement of facts, upon which the plaintiff predicates all his rights, suffices to satisfy the reader not only that no such effect was accomplished, but that none was intended by Charles B. Alvord. That letter is no more than a request to the insurance company to enter into a new contract with the assured, whereby various persons shall be beneficiaries. If it had been assented to, and the new contract made, the dominion of Charles B. Alvord over the ultimate rights to the money would not have been cut off. He would still have had power during his lifetime either to surrender and cancel the policy, to assign it, or, with the consent of the insurer, to have made still another modification as to the beneficiaries. *Foster v. Gile*, 50 Wis. 603; *Breitung's Estate*, 78 Wis. 33; *Strike v. Wis. O. F. M. L. Ins. Co.* 95 Wis. 583. From such a request no inference can be drawn of any purpose to part with the dominion and control over the disposition of this fund during his lifetime. The conclusion is therefore irresistible that no rights whatever had been conferred upon the plaintiff to demand the payment of any part of this insurance fund to him, and that the insurance company was still bound by its contract to pay to the executor or administrator of Charles B. Alvord, he not having assigned the same. The complaint fails to show any right of recovery in the plaintiff, and demurrer thereto is properly sustained.

*By the Court.*— The order sustaining the demurrer is affirmed.