STOLL, Executor, Appellant, vs. MUTUAL BENEFIT LIFE INSURANCE COMPANY, Respondent.

*October 23—November 11, 1902.*

*Life insurance: Assignment of policy: Designation of beneficiaries: Revocation by will: Payment: Estoppel: Guardians: Executors.*

1. The holder of a life insurance policy payable to his executors, administrators, or assigns, executed an instrument stating that "for value received" he thereby changed the beneficiary and made the policy payable in part to his mother and sisters, and "for value received" directed the insurance company to pay the money accordingly, and requested the company to make such change in the contract. With the knowledge and consent of the mother and sisters he delivered the instrument to an attorney with directions to do all that was necessary to make it effective. The attorney sent it to the company, which treated it as an assignment of the policy *pro tanto. Held,* that it constituted such an assignment, and gave to the mother and sisters vested interests in the policy.

2. Afterwards the assured executed a second instrument directing that, after payment of the specified amounts to his mother and sisters and payment of his obligations to a bank which held the policy as collateral, the balance of the insurance money be paid to his sons, whom he thereby made beneficiaries in the policy for said balance. This was delivered to the attorney with directions as before, but no notice thereof was given to the company until after the death of the assured. *Held,* that this instrument was merely a designation of beneficiaries and was revoked and superseded by a will subsequently made by the assured.

3. The insurance company could not, after the death of the assured, by recognizing the second instrument as an assignment of the policy, make it effective as against the will.

4. The will in such case gave to the sons of the testator the same interest in the policy which they would have received under the instrument designating them as beneficiaries. The company paid the amount to one S. as their guardian. S. was also the executor of the will. *Held,* that by receiving such fund in his capacity as guardian, S. was not estopped from claiming it from the company again in his capacity as executor.

APPEAL from a judgment of the circuit court for Eau Claire county: JAMES O'NEILL, Circuit Judge. *Reversed.*

Action on a $5,000 policy of life insurance issued to John Pearl, payable by its terms, upon his death, to his executors, administrators, or assigns. A short time before his death he assigned the policy to the Chippewa Valley Bank to secure the payment of his obligations aggregating $1,100 and interest. Later he made instruments in duplicate under seal, delivering the papers to an attorney in the presence of some, at least, of those beneficially interested in the transaction, instructing such attorney to do whatever was necessary to render such instruments effective, wherein it was recited that he was the legal holder of the policy and that, "for value received," the beneficiary named in the policy was changed so that the policy would be payable, $1,000 to Margaret Pearl, his mother, $1,000 to Mary Pearl, his sister, and $1,000 to Kate Pearl, his sister, and for value received he directed the insurance company to pay such policy accordingly, the same in all respects as if such persons were originally named in the policy. The attorney to whom such papers were delivered sent the same to the insurance company. Receipt thereof was acknowledged by the company, referring to the papers as an assignment and calling attention to the fact that no provision was made for a disposition of the assigned fund in case any or all of the assignees should die before receiving the money. Thereafter Mr. Pearl made another paper under seal, delivering the same to the attorney as before, reciting therein that he was the legal holder of the policy; that Margaret Pearl, Mary Pearl, and Kate Pearl were beneficiaries therein to the amount of $1,000 each, and that the Chippewa Valley Bank was assignee of the policy as collateral security for the payment of certain obligations, and directing payment of the policy accordingly and the payment of any balance that might be left to his sons John and Philip Pearl. This last paper was entirely unknown to the insurance company till after Mr. Pearl's death. On the same day such paper was made Mr. Pearl made a will in terms giving the fund to be

derived from the insurance policy to his mother, sisters, and sons, as in such last paper.

A few days after the execution of the will Mr. Pearl died. *R. O. Stoll,* the appellant, was named executor of the will and was duly appointed such by the proper county court. He was also appointed guardian of Mr. Pearl's two sons, who were minors. Due proof of death was filed with the insurance company and the policy was fully paid, the claim of the Chippewa Valley Bank being first recognized, then the claims of Mr. Pearl's mother and sisters, leaving a balance of $896.61, which was paid to *Mr. Stoll* as guardian of the children. Later *Mr. Stoll,* as executor, made a claim against the company for the full amount of the policy, and instituted this action to enforce it. The company answered, among other things, that Mr. Pearl in his lifetime assigned the entire fund to be derived from the policy as indicated in the papers to which we have referred; that due notice of such assignments was given to the company so as to render them effective; and that the entire fund was paid accordingly without notice of any adverse claim, $1,125 being paid to the Chippewa Valley Bank, $1,000 to Margaret Pearl, $1,000 to Mary Pearl, $1,000 to Kate Pearl, and the balance to *R. O. Stoll* as guardian of John and Philip Pearl.

The facts above related appearing to the court undisputed, on motion a verdict was directed for defendant, and judgment was rendered accordingly.

*L. A. Doolittle,* for the appellant.

For the respondent there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas,* and oral argument by *E. P. Vilas.*

MARSHALL, J.   Was the paper of October 30, 1900, intended as a mere designation of beneficiaries, revocable regardless of their attitude in the matter, under the rule of law in this state that, subject to the terms of the insurance contract, the owner thereof may, as regards mere beneficiaries,

change them or dispose of the policy by will? *Foster v. Gile,* 50 Wis. 603, 7 N. W. 555, 8 N. W. 217; *In re Breilung's Estate,* 78 Wis. 33, 46 N. W. 891, 47 N. W. 17; *Strike v. Wis. O. F. M. L. Ins. Co.* 95 Wis. 583, 70 N. W. 819. Counsel for appellant contends for the affirmative of that, conceding, if the paper and what occurred in regard thereto operated to assign the policy to the extent of $3,000, appellant's right in any event is limited to the $896.61, which sum he now claims was improperly paid to him as guardian. The following are the significant portions of the paper:

"I, John Pearl, of the city of Eau Claire, being the person insured under policy number 160,320, for five thousand dollars ($5,000.00) in the *Mutual Benefit Insurance Company* of the city of Newark, N. J., and being the legal holder of said policy, . . . for value received, do hereby change the beneficiary in said policy and do hereby make said policy payable as follows:

"To Margaret Pearl, my mother, . . . one thousand dollars ($1,000).

"To Mary Pearl, my sister, . . . one thousand dollars ($1,000).

"To Kate Pearl, my sister, . . . one thousand dollars ($1,000).

"And I do hereby, for value received, direct that said insurance company pay out of the money on said policy to the said beneficiaries, the aforesaid sum of one thousand dollars ($1,000) each, and hereby request that said *Mutual Benefit Life Insurance Company* of Newark, N. J., change the beneficiary named in said insurance contract or policy so that my said mother and my said two sisters each receive out of the first money to be paid thereon the sum of one thousand dollars ($,1000) each, as fully as if they were made beneficiaries to that extent in said policy at the time of its execution."

It will be readily discovered that the paper has some of the features of an ordinary assignment, and some of a mere designation of beneficiaries. The distinguishing element between the two is that in the former there is an actual irrevocable

transfer of the property; while in the latter there is no such transfer,—there is only a mere suggestion, so to speak, assented to by the insurance company, so as to form a part of the contract between the latter and the insured only, as to the person who shall finally have the proceeds of the policy. No consideration is necessary to support an assignment. Any transfer of property, whether by gift or otherwise, is in a general sense an assignment. 1 Bouv. Law Dict. 155. True, there must be an actual delivery of the thing assigned, or its equivalent, such as the written evidence of the transfer, intending thereby to vest the subject of the transaction *in præsenti* in the assignee; but it is not essential that the delivery shall be directly to the assignee. If the delivery is made to a third person with intent on the part of the assignor to surrender dominion over the thing assigned, and the assignee assents to the transaction, that is sufficient. The delivery, with the intent mentioned, and the assent of the assignee, which need not necessarily be expressed, is a sufficient meeting of minds to remove the subject of the transaction beyond the dominion of the assignor. That is within the principle of *Bogie v. Bogie,* 35 Wis. 659, and *Curry v. Colburn,* 99 Wis. 319, 74 N. W. 778.

As said before, there are some features of the paper that give to it the appearance of a mere designation of beneficiaries, and others that give that of an attempt to convey a property interest in the policy. It might reasonably be regarded as the one or the other, looking at the language thereof alone. The mother and sisters are mentioned as beneficiaries several times. It is said that the purpose of the paper is to make them beneficiaries the same as if they were originally mentioned as such in the policy. On the other hand it is twice said in the paper that the mother and sisters are designated as beneficiaries "for value received." A person made a beneficiary of a policy for value received is not a mere beneficiary that may be changed at the will of the as-

sured. He is the transferee of a property interest in the
policy. Joyce, Ins. § 742. The word "beneficiary" is ap-
propriate to an assignee as well as to what we call a "mere
beneficiary." Any person, whether by assignment or other-
wise, entitled to take under a policy of life insurance, is in a
broad sense a beneficiary. All assignees are beneficiaries.
But a mere beneficiary is not an assignee. Looking at the
paper in the light of the conduct of the parties and what oc-
curred with reference to it, we reach the conclusion that Mr.
Pearl intended to convey a property interest in his policy to
his mother and sisters. He caused it to be read over in their
presence or in the presence of some of them. The circum-
stances fairly show that they all had knowledge of the trans-
action and assented to it. He delivered the paper to a third
person in their presence, or in the presence of some of them,
and presumably with the knowledge of all of them, with di-
rections to such person to do all that was necessary to make
the paper effective. It recites that they were constituted ben-
eficiaries for value. The paper was sent to the insurance com-
pany, where it was treated as an assignment. In correspond-
ence in regard thereto it was so spoken of and it was at the
end so regarded in the payment of the policy.

We do not overlook the fact that subsequent to the making
of the paper Mr. Pearl made a second instrument attempting
to dispose of the residue of the policy, left after satisfying the
rights of the Chippewa Valley Bank and his mother and
sisters, wherein the latter were spoken of as beneficiaries and
he styled himself the legal holder of the policy. It seems
that he used the term "beneficiaries" to distinguish the
mother and sisters from the Chippewa Valley Bank, which
was an assignee for a valuable consideration of a pecuniary
nature. He styled himself the legal holder of the policy as
against the bank as well as against the mother and sisters,
showing that the term "legal holder of the policy" and the

term "beneficiaries" were not so used as to throw any great light upon the real character of the first paper.

What we have said leaves to be solved the question of whether appellant, as executor, is entitled to recover the $896.61 notwithstanding the payment thereof to him as guardian of the children. Respondent's claim is that the right to the money became vested in the Pearl children by the paper of December 5, 1900. We are unable to discover anything therein indicating more than a mere designation of beneficiaries as to such of the proceeds of the policy as might be left after satisfying the claims of the Chippewa Valley Bank and the mother and sisters. The significant part of the paper is as follows:

"I . . . direct that the balance and income on said policy . . . be paid to my sons John Pearl and Philip Pearl, and I do hereby make my said sons John Pearl and Philip Pearl beneficiaries in said policy for the balance . . . and said insurance company is hereby directed . . . to pay the balance to my said sons," etc.

There is not a word there indicating an intention to assign to the children any part of the policy. While the paper was delivered to a third person with directions substantially as in the case of that of October 30, 1900, no notice thereof was given to the company till after Mr. Pearl's death. It did not become a party thereto in any way till the rights under the policy became fixed. Therefore the paper did not effect an assignment to the children. That leaves it at best a mere designation of beneficiaries, as it appears to be upon its face, which did not affect Pearl's capacity to dispose of the policy by will, as he did, so far as there were not outstanding vested interests preventing him from doing so. We see no reason why *In re Breitung's Estate,* 78 Wis. 33, 46 N. W. 891, 47 N. W. 17; *Strike v. Wis. O. F. M. L. Ins. Co.* 95 Wis. 583, 70 N. W. 819, and *Alvord v. Luckenbach,* 106 Wis. 537, 82 N. W. 535, do not control as to that part of the policy represented by the $896.61.

Respondent's counsel contend that though no change of interest in the policy was effected by the paper of December 5, 1900, before Mr. Pearl's death, the company was not precluded from making it effective by recognizing it as an assignment or other change of beneficiaries thereafter. That is ruled otherwise in *Berg v. Damkoehler,* 112 Wis. 587, 88 N. W. 606. The court there, while affirming that the owner of an insurance policy may change a mere beneficiary thereof at pleasure, subject to restraints in the insurance contract, held that an attempt to do so, not effectual before the death of the assured, does not affect previously designated beneficiaries, but that they may be superseded by a testamentary disposition of the proceeds of the policy.

Respondent's counsel make the further contention that appellant is estopped from claiming the fund as executor, by his act of receiving it in his capacity of guardian. That is carrying the doctrine of estoppel beyond the rule limiting its effect to parties and their privies to the transaction from which the estoppel arises. 1 Herman, Estoppel, § 20; 11 Am. & Eng. Ency. of Law (2d ed.) 439. *Stoll* as guardian is a different person entirely from *Stoll* as executor. In the latter capacity he is neither the same party as in the former nor in privity with him. So we are unable to see how the doctrine of estoppel can help respondent. Its position is unfortunate indeed, though it is not necessarily without remedy. But, if it turns out otherwise, we cannot see but that the company's own imprudence in treating a mere designation of beneficiaries as creating an absolute vested interest, contrary to the settled law of this state, is the cause of its trouble.

The result of the foregoing is that the judgment must be reversed and the cause remanded with directions to render judgment against respondent for $896.61 with interest and costs.

*By the Court.*—So ordered.